## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  4:24 CR 363 |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | MEMORANDUM OPINION |
| THOMAS SLEDGE, et al., | ) | AND ORDER |
| | ) | |
|     Defendants. | ) | |

This Matter is before the Court on the Motion for Revocation of Bond Order filed by Defendant, Thomas Sledge. (Docket #24.) Mr. Sledge asks the Court to revoke its previous order of detention and grant him pretrial release.

### Procedural History

In October 2024, Defendant, Thomas Sledge, and his son, Kaprese Sledge, were indicted by a Federal Grand Jury and both were charged with the premeditated murder of a United States Postal Service Letter Carrier, in violation of 18 U.S.C. §§ 1111, 1114(a) (Count One), and with using a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (2) (Count Two).

Thomas Sledge was arrested on October 17, 2024 and United States Pretrial Services recommended that he be detained, finding no condition or combination of conditions that would reasonably assure his appearance and the safety of the community. (Docket #6 at p. 9.) Mr.

Sledge was arraigned by this Court on October 18, 2024 and remanded to the custody of the United States Marshal Service. (Docket #8.)

On November 8, 2024, Thomas Sledge, through Counsel, filed the instant Motion for Revocation of Bond Order (Docket #24), asking the Court to release him on bond pending disposition of this case. Mr. Sledge argues that his strong ties to northeast Ohio – including family, his home and the fact that he is currently employed – weigh in favor of his release. Mr. Sledge acknowledges that he is presumed to be a flight risk and a danger to the community given the nature of the crimes charged (a murder offense punishable by more than 10 years and a mandatory sentence of life imprisonment if found guilty by a jury on Count One). However, Mr. Sledge argues that there is no strong evidence identifying him as the driver of the vehicle at the time the crime was committed; that he has not been convicted of a violent offense in the last 20 years and that his most recent offenses prior those charged in the Indictment are drug offenses; and, that there is nothing in his recent criminal history that suggests he is a danger to the community or a flight risk. Mr. Sledge argues that the Court could impose conditions on his release adequate to ensure his future appearance and safeguard the community.

On December 12, 2024, the Government filed its Response Brief (Docket #28), arguing that Mr. Sledge should not be released pending trial. The Government points Mr. Sledge's lengthy criminal history, including violent crime and multiple drug offenses; the fact that he has repeatedly committed crimes while on Court supervision and was arrested in this case while on Federal court supervision following a 2019 conviction; and, the violent nature and circumstances of the offenses charged, arguing that all weigh heavily against his release.

2

## Discussion

The Bail Reform Act requires detention upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of any other person and the community." 18 U.S.C. §3142(e)(1). In order to justify detention, an inability to reasonably assure the safety of any person and the community must be shown by clear and convincing evidence. *See United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. Ohio 2004). A risk of flight can be established by a preponderance of the evidence. *Id.* If there are no conditions of release sufficient to eliminate the defendant's risk of flight and danger to the community, then the court is required to order the defendant detained pending trial. 18 U.S.C. §3142(e)(1).

Sub-section (g) of 18 U.S.C. §3142 sets forth the factors a court should consider when determining whether there are "conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," or whether detention is warranted. These include:

(1)     the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including –

(A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

3

      (B)      whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

  (4)      the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. §3142(g).

After careful consideration of all four factors, the Court finds Mr. Sledge's continued detention in this case to be warranted.

Mr. Sledge is charged with dangerous and violent crimes – the premeditated murder of a postal worker and the use of a firearm in furtherance of a crime of violence.  Defendants are alleged to have murdered the victim in this case during the day, in a residential neighborhood.  In addition to the particularly troubling allegations set forth in the Indictment, Mr. Sledge has a criminal history spanning decades, including charges for violent crime and multiple controlled substance offenses, and was under Federal court supervision at the time he is alleged to have committed the crimes charged in the Indictment.

Mr. Sledge has prior convictions for possession of crack cocaine (2001); attempted murder, felonious assault, having weapons while under disability, and possession of crack cocaine (2001); felon in possession of a firearm (2013); having weapons while under disability and tampering with evidence (2018); and, conspiracy to possess cocaine and heroin with the intent to distribute (2019).

While Mr. Sledge has family in and ties to the community and is currently employed, such factors

are undoubtedly outweighed by his lengthy criminal history and the legitimate concerns that both

the Government and the Court have regarding the significant danger posed to society should Mr.

Sledge be released.  Furthermore, if convicted of murder, Mr. Sledge faces a minimum penalty of

life imprisonment and is, therefore, a flight risk.[1]  The Court agrees with the findings set forth in

Mr. Sledge's Pretrial Services Report that there is no condition or combination of conditions that

could reasonably assure Mr. Sledge's appearance and the safety of the Community were he to be

released pending trial.

### Conclusion

For the reasons set forth above, Mr. Sledge's request that he be released on bond pending

disposition of this case (Docket #24) is hereby DENIED.

IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED _December 19, 2024_

---

[1]

See *United States v. Thompson*, Case No. 4:16 CR 19, 2018 U.S. Dist LEXIS
7197, at *15 (M.D. Pa. 2018); *United States v. Curry*, Case No. 6:06 CR 82, 2006 U.S.
Dist. LEXIS 49661, at *8-17 (E.D. Ky. 2006)